UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENSYLVANIA

**CHRISTOPHER LOPEZ** :
1745 S. Olden Avenue
Hamilton NJ 08610           AND
                                       :
**ALVARO SOTO ALGUACIL**
Avenida Virgen de Las Nieves, #3
Hijar Granada 18110 Spain,
                    PLAINTIFFS,
          VS.                          :     CIVIL NO: _____

                                             JURY TRIAL DEMANDED

MICHAEL YUN
576 Valley Road                        :
Wayne NJ 07470           AND

GMP SOUND, LLC
576 Valley Road                        :
Wayne NJ 07470,
                    DEFENDANTS.
_____

## CIVIL COMPLAINT

A. **JURISDICTION AND VENUE**

1. Jurisdiction is based upon federal question, to wit, the Copyright Act of 1976 as

amended.  Title 17, United States Code.

2. Venue is proper under the Federal Rules of Civil Procedure.

B. **THE PARTIES**

   3. Plaintiff CHRISTOPHER LOPEZ ("LOPEZ") is a private adult individual who

resides at the above address; plaintiff is a music producer and songwriter; for purposes of this action, plaintiff is the co-author and co-copyright holder of the sound recording and musical composition titled, "Ayudame A Imaginar".

1. Plaintiff CHRISTOPHER LOPEZ ("LOPEZ") is a private individual and a citizen of the state of New Jersey who resides at the above address, conducting business on a regular basis within this District; plaintiff is a music producer and songwriter and for purposes of this action, plaintiff is the co-author and co-copyright holder of the sound recording and musical composition titled, "Ayudame A Imaginar".

2. Co-Plaintiff ALVARO SOTO ALGUACIL ("ALGUACIL") is a private adult individual and a citizen of Hijar Granada in the country of Spain,conducting business on a regular basis in this District who resides at the above address; plaintiff ALGUACIL is a musical performer, recording artist, and songwriter; for purposes of this action, plaintiff ALGUACIL is the co-author and co-copyright holder of the sound recording and musical composition titled, "Ayudame A Imaginar".

3. Defendant MICHAEL YUN ("YUN") is a private adult individual and a citizen of the State of New Jersey whose principal place of business is located at the above address; defendant YUN engages in improper, unlawful conduct, and has no occupation known to plaintiff.

4. Co-Defendant GMP SOUND, LLC ("GMP") is an existing unlawful New Jersey limited liability company doing business on a regular basis within this District, with its princiipal place of business located at the above address; GMP was formed by co-defendant YUN to embezzle funds from plaintiff LOPEZ.

5. At all times material hereto, the defendants acted on their own behalves, and/or through the acts of their employees, agents, representatives, servants, and the like, acting within their course of employment and scope of duties.

6. The doctrine of respondeat superior applies to all defendants.

C. **THEFACTS**

7. Commencing in August of 2021, and continuing through January of 2022, plaintiffs LOPEZ and AGUACIL collaborated as joint authors and composers on an original sound recording and musical composition titled, "AYUDAME A IMAGINAR" (hereinafter referred to as "Subject Recording"); plaintiffs LOPEZ and ALGUACIL are the sole authors and composers of the Subject Recording which is a joint work under the Copyright Act.

8. The Subject Recording was commercial released to the public, being offered for sale (downloading) and streaming on or about January 14, 2022 through normal channels of digital distribution, including the widely popular and well-known music platforms known as "Spotify" and "YouTube".

8. To protect and enforce their copyrights in and to the Subject Recording, plaintiffs dutifully and properly duly applied, in a reasonably prompt fashion, to the Library of Congress copyright office for copyright registration of the Subject Recording on January 25, 2022 and were duly granted a Certificate of Registration, dated January 19, 2022 for the Subject Recording. See Exhibit, to wit, Copyright Registration No. **SR-918-250**, attached and incorporated by reference as though fully set forth herein and made a part hereof.

9. Prior to, during, and after January 14, 2022 (the date of initial publication), plaintiffs LOPEZ and AGUACIL promoted and marketed the Subject Recording throughout the United States.

10. During the promotion, marketing, and distribution of the Subject Recording, the Subject Recording found its way to defendants YUN and GMP.

11. Subsequent to defendants' obtaining possession of the Subject Recording,

defendants conceived a plan to attempt to extort money from plaintiffs and plaintiffs business associates, by improperly and unlawfully notifying social media platforms, including but not limited to Spotify, by improperly and unlawfully notifying individuals and entity involved in the distribution of the Subject Recording, included by not limited to AGUACIL's recording and distribution company based in Spain, stating that said defendant YUN and/or GMP SOUND were the copyright owners of the Sound Recording; said representations by YUN and GMP SOUND were patently **false**.

13. In fact, defendants YUN and GMP Sound had no involvement whatsoever in the authorship, creation, recording, mixing, mastering and composing of the Subject Recording.

14. As a result of defendants' intention, willful, wanton, and reckless misconduct by falsely claiming ownership of the Subject Recording, plaintiffs have been egregiously harmed because the Sound Recording has been taken down by third parties provided with defendants' false claim of their ownership interest in the Sound Recording.

15. To be clear and free from doubt, the commercial release by or on behalf of plaintiffs of the Subject Recording (hereinafter also referred to as "Infringed Upon Property"), was throughout the entire world, and commenced on January 14, 2022, until it was wrongfully taken down a few days later directly due to defendants' false claims.

16. The Subject Recording, "AYUDAME A IMAGINAR" by plaintiffs LOPEZ and ALGUACIL is an original work which is copyrightable under Title 17 of the United States Code, to wit, the Copyright Act of 1976 as amended.

17. At all times material hereto, plaintiffs sought to publish, published, and/or licensed for publication said Subject Recording in compliance with U.S. federal copyright laws, and have remained the lawful owners of the copyright of the Subject Recording.

18. Subsequent to the issuance of the copyright, defendants infringed upon plaintiffs' copyright by falsely claiming ownership thereof, by interfering with plaintiffs' rights to commercially distribute their copyrighted Subject Recording, by causing the takedown, and thereby cessation, of the commercial distribution of plaintiff's Subject Recording, and by improperly and unlawfully interfere with plaintiffs' rights to the administration of the Subject Recording by communicating with third persons and entities falsely claiming ownership to the Subject Recording.

19. On or about January 18, 2022, defendants sent a "takedown request" to Spotify, falsely claiming that the Subject Recording is "100% owned and controlled by GMP Sound LLC". See Exhibit P-2 attached and incorporated by reference as though fully set froth herein and made a part hereof.

20. Based upon defendants' false claim and takedown request, Spotify promptly took down the Subject Recording, thereby depriving millions of potential customers and Spotify viewers of the opportunity to listen to, stream and/or download plaintiffs' Subject Recording. See Exhibit P-3 attached and incorporated by reference as though fully set forth herein and made a part hereof.

21. At some point between January 14, 2022 and March 1, 2022, defendants sent a similar takedown request to YouTube, again falsely claiming to be the owner and copyright holder of the Subject Recording, thereby depriving millions of potential customers and YouTube viewers the opportunity to listen to, view, and subscribe to watch, .

22. Based upon defendants' false claim and takedown request to YouTube, YouTube promptly took down the Subject Recording. See Exhibit P-4 attached and incorporated by reference as though fully set forth herein and made a part hereof.

23. In addition to notifying Spotify and YouTube, defendants have falsely claimed 100% ownership of the Subject Recording and the copyright thereto to additional third parties, causing damages to plaintiffs.

24. Defendants' above-stated actions in falsely claiming 100% ownership and control of the Subject Recording to Spotify, YouTube, and other third parties, constitute actionable unlawful copyright infringement under Title 17 of the United States Code and applicable law.

## COUNT ONE: VIOLATION OF TITLE 17, UNITED STATES CODE - COPYRIGHT INFRINGEMENT
## (AGAINST BOTH DEFENDANTS)

25. Paragraphs 1 through 24, inclusive, are incorporated by reference as though fully set forth herein and made a part hereof

26. Defendants YUN and GMP's claims of ownership of plaintiffs' lawful copyright to in and to the Subject Recording as aforepleaded constitute actionable infringement on plaintiffs' duly registered copyright in the Subject Recording.

27. The purpose of defendants' actions has been to control plaintiffs' lawful copyright interest in the Subject Recording, in contravention of plaintiffs' rights under Title 17 of the United States Code, constituting actionable unlawful copyright infringement.

28. As a direct and proximate result of defendants' infringement upon plaintiffs' registered copyright, plaintiffs' sustained monetary damages in the form of lost revenues and lost profits. compensable against defendants.

29. Under the Copyright Act, plaintiffs are entitled to elect to seek either actual damages or statutory damages, for which defendants are liable, along with exemplary damages, reasonable counsel fees, costs and interest.

30. Defendants YUN and GMP are liable to plaintiffs LOPEZ and ALGUACIL for

unlawful copyright infringement of plaintiffs' Subject Recording.

WHEREFORE on Count One, plaintiffs LOPEZ and ALGUACIL demand judgment in their favor, and against all defendants YUN and GMP, jointly and severally, as follows:

a) For actual damages or statutory damages to be proven at trial;

b) For exemplary damages;

c) For reasonable counsel fees and costs;

d) For such other relief as this Court may deem proper, including issuance of a permanent injunction prohibiting further infringement by defendants.

## COUNT TWO: CIVIL CONSPIRACY
## (AGAINST BOTH DEFENDANTS)

31. Paragraphs 1 through 30, inclusive, are incorporated by reference as though fully set forth herein and made a part hereof.

32. Defendants YUN and GMP engaged in a civil conspiracy to infringe upon plaintiffs' copyright registration in the Subject Recording as aforepleaded.

33. Defendants' civil conspiracy was wanton, willful, intentional, outrageous, and was done with reckless disregard for plaintiffs' rights.

34. Defendants GMP and YUN conspired to deprive plaintiffs of their rights, by claiming 100% ownership and control of the Subject Recording, even though in actuality defendants possess no rights in the Subject Recording.

35. As a direct and proximate result of defendants' civil conspiracy, plaintiffs sustained damages as aforepleaded in the form of lost revenues and lost profits, compensable against defendants.

36. Defendants are liable unto plaintiffs LOPEZ and ALGUACIL for civil conspiracy to deprive plaintiffs' LOPEZ and ALGUACIL of their lawful rights pertaining to their copyrighted work.

WHEREFORE on Count Two, plaintiffs LOPEZ and ALGUACIL demand judgment in their favor, and against all defendants YUN and GMP, jointly and severally, as follows:

a) For actual damages or statutory damages to be proven at trial;
b) For exemplary damages;
c) For reasonable counsel fees and costs;
d) For such other relief as this Court may deem proper, including issuance of a permanent injunction prohibiting further infringement by defendants.

## COUNT THREE: INJUNCTIVE RELIEF
## (AGAINST ALL DEFENDANTS)

37. Paragraphs 1 through 36, inclusive, are incorporated by reference as through fully set forth herein and made a part hereof.

38. Plaintiffs face imminent and irreparable injury as a result of defendants' infringement, for which there is no adequate remedy at law.

39. Plaintiffs possess great reasonable likelihood of success on their underlying claims against defendants.

40. The ensuing damage to plaintiffs due to ongoing infringement greatly outweighs the damage to defendants should injunctive relief be granted.

41. Plaintiffs are entitled to an injunctive relief, including a permanent injunction, against defendants, prohibiting defendants from further unlawfully infringing upon plaintiffs' lawful registration of the Subject Recording.

WHEREFORE on Count Three, plaintiffs LOPEZ and ALGUACIL demand judgment in their favor, and against defendants YUN and GMP, jointly and severally, as follows:

    a) For the issuance of temporary, preliminary and permanent injunctions which prohibit defendants' continued unlawful infringement upon plaintiffs' copyrighted Subject Recording;

    b) For a mandatory injunction requiring defendants' to notify all third parties contacted by defendants that defendants' revoke their false claims of copyright ownership and control in the Subject Recording,

    c) For monetary damages affording plaintiffs' costs for remedial advertising;

    d) For all remedies permissible under Title 17- the Copyright Act;

    e) For reasonable counsel fees and costs;

    f) For such other relief as this Court may deem proper.

Respectfully submitted,

Dated: March 8, 2022    **LAW OFFICE OF SIMON ROSEN, PLLC**

By: */Simon J. Rosen, Esq./* (#6279)

Counsel for Plaintiffs

Attorney ID NO. 38603

128 Greenwood Avenue, 2nd Floor

Wyncote PA 19095

Tel. (215)564-0212
Fax (215)893-3900
Email: SimonOnKey@aol.com