| | |
|---|---|
| CHRISTOPHER LOPEZ<br>1745 S. Olden Avenue<br>Hamilton, NJ 08610<br><br>and<br>ALVARO SOTO ALGUACIL<br>Avenida Virgen de Las Nieves, #3<br>Hijar Granada 18110 Spain,<br>*Plaintiff*<br>vs.<br><br><br>MICHAEL YUN<br>576 Valley Road<br>Wayne, NJ 07470<br><br>OBJECTIONS<br><br>and<br><br>GMP SOUND LLC,<br>576 Valley Road<br>Wayne, NJ 07470<br>*Defendants* | UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF PENNSYLVANIA<br><br><br><br><br><br>CIVIL ACTION<br><br>NO. 2:22-cv-00911<br><br><br>DEFENDANTS PRO SE<br>    PRELIMINARY<br><br>TO COMPLAINT |

To: Christopher Lopez and Alvaro Soto Alguacil. You are hereby notified to file a written response to the enclosed Preliminary Objections under Pa.R.C. P. 1028 within twenty days from service hereof or judgment may be entered against you.

1

## PRELIMINARY OBJECTIONS OF PRO SE DEFENDANT MICHAEL YUN AND GMP SOUND LLC TO PLAINTIFF'S COMPLAINT

Defendants Michael Yun ("Yun") and GMP Sound LLC ("GMP") Pro Se, hereby asserts the following Preliminary Objections to each of the claims asserted against it in Plaintiff Mr. Lopez ("Lopez") and Mr. Alguacil's ("Alguacil") Complaint pursuant to Pa.R.Civ.P. 1028. (A copy of the Complaint is attached hereto as Exhibit "A").

## PROCEDURAL AND FACTUAL HISTORY

1. Plaintiff Christopher Lopez resides in 1745 S. Olden Avenue Hamilton, NJ 08610.

2. Plaintiff Alvaro Soto Alguacil resides in Avenida Virgen de Las Nieves, #3 Hijar Granada 18110 Spain.

3. Defendant Michael Yun resides in 576 Valley Road Wayne, NJ 07470

4. GMP Sound LLC ("GMP") is a limited liability company formed under the New Jersey Revised Uniform Limited Liability Company Act (the "New Jersey Act") on November 8, 2018.

5. GMP, a music production and distribution company was formed by Michael Yun and Christopher Lopez, who are its sole members, pursuant to the attached Operating Agreement. (See Exhibit B, The GMP Operating Agreement).

6. Dated November 8, 2018 (the "Effective Date"), Christopher Lopez signed an Exclusive Production Agreement with GMP, whereby Lopez agreed to exclusively provide his "beat making", song writing, producing, mixing, recording and other music production and publishing services to GMP (the "GMP Recordings") and Yun would endeavor to pitch, sell or otherwise aid in the placement and/or other exploitation of the

2

GMP Recordings and also manage the company. (See Exhibit C, The Exclusive Production Agreement).

7. Despite Yun being instrumental in Lopez receiving more widespread recognition and Lopez's yearly income tripling under Yun's guidance, on or around December 8, 2020, Lopez filed no less than seven lawsuits against Yun and GMP in the Superior Court of New Jersey in Mercer County.

8. On May 25, 2021 Superior Court of New Jersey ordered that Yun and GMP set up a trust account to collect the proceeds or revenue from the exploitation of the GMP Recordings, with the trust account to be co-administrated by Plaintiff's and Defendant's respective attorneys. (See Judicial Order OTSC in Exhibit "D").

9. On or around January 19, 2022, despite the Judicial Order, and despite the Exclusive Production Agreement under which all of Lopez's creations and attendant copyrights were transferred to GMP, Plaintiffs attorney Simon Rosen ("Rosen") expedited a copyright registration in the name of Lopez (see attached copyright registration in Exhibit A Complaint) which excludes GMP and therefor Yun's interest in GMP in the Composition and the Recording.

10. Then on or around March 8, 2022, Plaintiff's attorney, Rosen, hastily threw together and filed an in-artfully drafted copyright infringement complaint, alleging a conspiracy of one while seeking an emergency injunction against Yun and GMP in the

3

Eastern District of Pennsylvania in a transparent attempt to use this esteemed Court to try to get at Yun anyway possible.

11. This "throw it against the wall and hope it sticks" action before this Court against Yun and GMP asserting three causes of action: Copyright Infringement (Count I); Civil Conspiracy (Count II); and Injunctive Relief (Count III) is utterly lacking in specificity. In fact the "smoking gun" exhibit of the alleged wrongdoing in Plaintiff's Exhibit Page 3 is completely unreadable and therefore undecipherable. (See Plaintiff's Exhibit Page 3).

### A. (i) Preliminary Objection under Pa.R.C.P. 1028(a)(1) and (4): There is no Jurisdiction over this matter. Plaintiff fails to state a cause of action because Plaintiff has agreed that the laws of the State of New Jersey and New York shall govern their conduct.

12. The Operating Agreement and the Exclusive Production Agreement are valid, binding and dictates how disputes are to be addressed (See Operating Agreement in Exhibit "B").

13. The Operating Agreement signed by Lopez and Yun as sole Members of GMP states under Section 15(a) that "This Agreement, and all disputes arising between Company and any Member, shall be governed by and construed in accordance with the laws of the State of New Jersey." By agreement between the Plaintiff and the Defendant, any action that should be brought by Lopez against Yun and/or GMP must be done in the State of New Jersey not the Commonwealth of Pennsylvania.

14. The Exclusive Production Agreement signed by Lopez and Yun also includes a Choice of Law and Forum Section 32. "This agreement shall be deemed to have been made in the State of New York and its validity, construction, performance and breach shall be governed by the laws of the State of New York applicable to

4

agreements made and to be wholly performed therein. Each party agrees to submit itself to the jurisdiction of the federal or state courts located in New York County, New York in any action which may arise out of this Agreement and such courts shall have exclusive jurisdiction over all disputes between Producer and Company pertaining to this Agreement and all matters related thereto." (See Exclusive Production and Revenue Agreement in Exhibit "C").

15. Consequently, there can be no jurisdiction in the Eastern District of Pennsylvania and the Plaintiffs cannot state a cause of action before this Court because of the binding Operating Agreement and the Exclusive Production Agreement choice of law provisions govern their actions and disputes. Therefore, the Complaint must be dismissed pursuant to Pa.R.C.P. 1028(a)(1) and (4).

### A. (ii). Preliminary Objection under Pa.R.C.P. 1028(a) because Eastern District of Pennsylvania is an "improper venue" and the court lacks *in personam* jurisdiction over the Defendant.

16. Pa.R.C.P. 1028(a)(1) permits objections for "improper venue". Eastern District of Pennsylvania is an improper venue for this action because in addition to the Operating Agreement and Exclusive Production Agreement, in accordance with **Pa.R.C.P. 2179**, **venue** against a corporate entity may only be brought in: (1) the county where its registered office or principal place of business is located; (2) a county where it regularly conducts business; (3) the county where the cause of action arose; or, (4) the county where the transaction took place out of which the cause of action arose.

17. None of the four categories set forth in Rule 2179 apply to the facts as alleged in the Complaint and Eastern District of Pennsylvania, Philadelphia is, therefore, not a proper venue for this case. It is simply not enough to allege that people in the

5

Commonwealth of Pennsylvania have been potentially denied access to view a certain music video on Youtube for a short limited period of time for this Court to exercise copyright jurisdiction when the gravamen of the dispute is fundamentally based in contract which originates and remains in the State of New Jersey.

18. This action has been brought solely to harass the Defendant and to cause the Defendant to incur legal fees simply because the Plaintiff's attorney resides and practices in Pennsylvania.

19. The purported exercise of jurisdiction over Defendant would violate Defendant's right to due process under the Fourteenth Amendment for the following reasons: Defendant GMP is a New Jersey corporation located in New Jersey and all its operations take place in New Jersey; neither Yun nor GMP have continuous, significant or systematic contacts with the Commonwealth of Pennsylvania; does not maintain an office in Pennsylvania; has no agents or employees in PA; has no bank accounts in PA; has no property in PA; and does not place advertisements specifically targeting PA residents.

20. Pursuant to Pa.R.C.P. 1006(a) and Rule 2179, an action against a corporation may be brought only in the county where the corporation has registered office or principal place of business, where the cause of action arose or where a transaction occurred took place out of which the cause of action arose. In determining whether a corporation regularly conducts business in the Eastern District of Pennsylvania, the court must find that there is proof of the quality and quantity of contacts with the forum venue in order to establish venue in that county. *Masel v.*

*Glassman,* 689 A. 2d 314, 317 (Pa. Super. 1997); *Purcell v. Bryn Mawr Hospital,* 579 A.2d 1282 (Pa.1990).

21. Both Plaintiffs do not reside in nor have significant contacts in the Commonwealth of Pennsylvania as Christopher Lopez resides in 1745 S. Olden Avenue Hamilton, NJ 08610 and Alvaro Soto Alguacil resides in Avenida Virgen de Las Nieves, #3 Hijar Granada 18110 Spain. Defendant Yun also does not reside in Pennsylvania, but resides in New Jersey. None of the parties involved are located or reside in the Commonwealth of Pennsylvania and Plaintiff cannot demonstrate that he has been damaged in Pennsylvania. In *McLain v. Arneytown Trucking Co, Inc.,* 536 A.2d 1388 (Pa. Super. 1988) the Superior Court affirmed deliveries to or through Philadelphia amounting to 1% of total mileage did not constitute sufficient contacts for venue to be proper in Philadelphia County.

22. As a matter of law and facts, this Court lacks *in personam* jurisdiction over Defendant and this action. The state of New Jersey is the nexus of the Agreement, the place where the Operating Agreement states as the Company's business may be legally exercised by limited liability companies under the New Jersey Act and under the

7

Agreement all disputes arising between the Company and any Member shall be governed by the State of New Jersey.

WHEREFORE, the Defendant requests that this Court dismiss the Complaint for lack of jurisdiction and/or improper venue, and/or transfer this action to State of New Jersey, with all costs of transfer to be bourn by Plaintiffs.

## B. Plaintiff's Copyright Claim Fails and There is no Basis for Federal Subject Matter Jurisdiction.

23.   Plaintiffs' copyright claims fail as a matter of law, since a party cannot infringe upon works it owns. *Jasper v. Sony Music Entm't*, 378 F. Supp.2d 334, 342 (S.D.N.Y. 2005). GMP and Yun cannot have infringed on Plaintiff's copyright in the copyrighted works because according to the Operating Agreement under section 12(d) all Lopez creations and/or developments shall be considered "works made for hire" by Lopez for the Company or as applicable, its subsidiaries or affiliates, and Lopez agrees that all rights of any kind in any Lopez Developments belong exclusively to the Company. "Lopez Developments" means any and all writings, pitches, ideas, drafts, audio works, video works, musical compositions, plans, audio/visual works, know-how, discoveries, inventions, designs, recordings, sheet music, methods, techniques, improvements, enhancements, developments, computer programs, machines, algorithms or other works of authorship, and any part thereof or element therein that is created, developed, conceived or reduced to practice during the term of the Recording Agreement, in each case above whether created alone or with others, during or after working hours. Company's rights in and to the Lopez' Developments shall include, without limitation: (a) all renewals and extensions of copyright; (b) all neighboring rights

and trademarks; and (c) the right to change the Lopez' Developments and combine them with other. GMP cannot therefore infringe on copyrights that it owns. *see also Cafferty v. Scotti Bros. Records*, 969 F. Supp. 193, 198 (S.D.N.Y. 1997) (holding that under the "clear language of the relevant contracts[,]" a provision "irrevocably ... grant[ing]" to a licensee and its assignees the "universe wide, perpetual right ... to synchronize, record, perform and otherwise exploit the Pre-existing Songs" barred a plaintiff's copyright claim against an assignee for continuing distribution of its songs, despite the plaintiff's alleged termination of the assignee's rights).

24. Moreover, with no viable copyright infringement claims, other than the filing of a take down notice pursuant to a messy business divorce (something which occurs in the thousands everyday), there is no federal subject matter jurisdiction over this action, and it should be dismissed pursuant to Rule 12(b)(1).

## C. Plaintiff's Conspiracy Claims fail because there are not 2 or more people conspiring.

25. Plaintiff claims Yun and GMP conspired against the Defendants. However, there are not 2 or more people to conspire with. Although a corporation may be considered a person, Yun and Yun's membership interest in GMP are one and the same. Likewise, Lopez as co-owner of GMP cannot conspire against himself and this cause of action is therefore nonsensical. *Jagielski v. Package Machine Co.*, 489 F. Supp. 232, 233 (E.D. Pa. 1980) According to the Exclusive Production Agreement Section 9 (E), GMP is the sole name as owner for copyrights. GMP is a limited liability company owned by Yun and Lopez according to Operating Agreement Section 7.1. For

9

a conspiracy claim there need needs to be 2 or more people that conspire against the Plaintiffs. *In re Semcrude L.P.*, 864 F.3d 280, 297 (3d Cir. 2017). Yun cannot conspire with himself and Lopez cannot conspire against himself. Therefore, the claim of conspiracy must be dismissed.

## D. Plaintiff's Copyright Infringement Claim Lacks the Necessary Elements and in axiality is a Contractual Dispute.

26. To state a claim for copyright infringement, Plaintiffs must allege facts that plausibly show (1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original. *See Star Athletica L.L.C. v. Varsity Brands, Inc.*, 137 S. Ct. 1002, 1008, 197 L. Ed. 2d 354 (2017). Plaintiffs' claim does not allege that Yun has infringed any copyrighted work because Yun has not created any work that is copying elements of the work that are original. There is no copyright infringement merely Yun's attempt to enforce his contractual rights under the Operating Agreement and Exclusive Production Agreement.

27. This is a contractual matter based solely off the Operating Agreement and the Exclusive Production Agreement. Each agreement states how disputes between Lopez and Yun shall be governed by and construed according to either the laws of the State of New Jersey or the laws of the State of New York. This should not be considered a copyright infringement or the tort of conspiracy because the "gist of the action" lies in a contract dispute between two parties. When valid contract agreements exist between the parties and the claim is within the scope of the agreements, the controversy must be considered contract disputes, which is what Lopez and Yun are going through. Lopez is using the copyright registration for the sole purpose of trying to

ratchet an additional copyright action into a business divorce. As stated, Plaintiff has already filed 7 lawsuits against the Defendants in the State of New Jersey.

### E. Plaintiffs' New Filing is Prejudicial to Defendants.

28. Plaintiffs' lawyer Simon Rosen is forum shopping because his home is located in Philadelphia and is trying to have the Defendants spend money to defend an action in Pennsylvania when the Parties are already involved in litigation in the State of New Jersey. See *Shire U.S., Inc. v. Johnson Matthey, Inc.*, 543 F. Supp. 2d 404, 409 (E.D. Pa. 2008).

29. Plaintiffs' improper and unjustified tactics have forced Yun to incur fees and costs it need not have incurred. In these exact situations, Federal Rule of Civil Procedure 41(d) provides for the payment of attorneys' fees and costs. Rule 41(d) is intended to serve as a deterrent to forum shopping and vexatious litigation. *Anders v. FPA Corp.*, 164 F.R.D. 383, 387 (D.N.J. 1995). The purpose of the rule is to protect defendants from the harassment of repeated lawsuits by the same plaintiff on the same claims. The Rule is also intended to prevent "forum shopping and attempts to gain tactical advantage[s]." *Ross v. Infinity Ins. Co.*, No. 12-5050, 2013 U.S. Dist. LEXIS 81480, 2013 WL 2495114, at *2 (E.D. Pa. June 10, 2013).

30. Since the Operating Agreement and Exclusive Production Agreement also provide for the awarding of legal fees, this Court should simply assess whether the

11

Plaintiff's conduct satisfies the requirements of Rule 41(d), and whether the

circumstances of the case warrant an award of costs to prevent further prejudice to Yun.

### F. Injunctive Relief is Unnecessary and Improper because this controversy is Moot and there is therefore no active controversy before the Court.

31. Plaintiffs claim for injunctive relief is unnecessary and certainly not an

emergency. The Defendants are not at this time infringing upon the Plaintiffs'

registration of the video nor making any claim to it. The Plaintiff's have supplied their

level of proof of ownership to all the media platforms and most if not all the platforms

have reposted the video back up on those platforms.

32.  The issue in the complaint by Plaintiffs is no longer an issue as the

Defendants are no longer seeking to remove the video in question. The Plaintiffs have

supplied their proof of ownership to the platforms. Since Yun and GMP are no longer

claiming ownership, the video is either currently back up or will soon be back up on almost all available media platforms.

Wherefore, Defendant's Yun and GMP hereby requests that the Preliminary Objections be sustained and that this Honorable Court dismiss Plaintiff's Complaint with prejudice and award all further relief so deemed just including Defendant Yun's legal fees which are recoverable under the Operating Agreement and Exclusive Production and Agreement.

Date: April 8, 2022   Verified For Defendant Michael Yun and GMP Sound LLC. By Michael Yun.

_/s/ Michael Yun_
Michael Yun

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRISTOPHER LOPEZ and ALVARO SOTO ALGUACIL**<br>**Plaintiffs,**<br><br>v.<br><br>**MICHAEL YUN and GMP SOUND LLC,**<br>**Defendants.** | **CIVIL ACTION**<br><br><br><br><br>**NO. 22-911** |

**YUN'S [PROPOSED] ORDER TO GRANT PRELIMINARY OBJECTIONS**

AND NOW, this $O8$ day of $Apr\cdot l$, 2022, it is hereby ORDERED as in consideration of Defendants' Preliminary Objections to the Plaintiffs' Complaint, and all papers in support thereof, and in opposition thereto, it is hereby ORDERED that the Objecting Defendant's Preliminary Objections are Sustained and the Plaintiffs' Complaint is DISMISSED WITH PREJUDICE.

Plaintiff's first claim of Copyright Infringement (Count I) is DISMISSED because the Court lacks jursisdiction over the New Jersey Defendants and Plaintiff's claim lacks the elements of Copyright Infringement and should be considered a contractual matter between the parties.

Plaintiff's second claim of Civil Conspiracy (Count II) is DISMISSED because there are not 2 or more people conspiring. Yun cannot consider with himself and Lopez cannot conspire against himself.

And the Plaintiff's final claim of Injunctive Relief (Count III) is DISMISSED because issue in the complaint by Plaintiffs is no longer an issue as the Defendants are not seeking to remove the video in question. The Plaintiffs have supplied their proof of ownership to the platforms.

Accordingly, Yun's Preliminary Objections to the Complaint is GRANTED in all respects. The three claims asserted by Plaintiffs Lopez and Alguacil is DISMISSED, with prejudice. Yun is entitled to an award of its reasonable costs and fees under 17 U.S.C. § 505 and Federal Rule of Civil Procedure 41(d). Within fourteen days of the

date of this Order, Yun shall submit competent evidence of the costs and fees sought, and a sufficient explanation of the reasonableness of those costs and fees.

BY THE COURT:

Dated:

_____
HON. C. DARNELL JONES, II
U.S. DISTRICT JUDGE

**VERIFICATION**

I, Michael Yun, do hereby certify that:

1. I am the defendant in this lawsuit.

2. I have reviewed the allegations of the Verified Preliminary Objection to the Complaint filed in this action. The contents of same are true.

I hereby certify that the foregoing statements made by me are true. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

_____
Michael Yun

15